JONES, Justice.
Appellants John Robert Wyatt, Hugh W. Fikes, and Wyatt Oil Company seek relief from a verdict and judgment against them wherein Appellee Madden Coal Company claimed Appellants converted Appellee’s coal. Wyatt and Fikes counterclaimed, alleging that Madden had earlier converted their coal. After both sides’ motions for summary judgment were overruled, the case was tried to a jury; verdicts were returned in favor of Madden on its conversion claim and on the Defendants’ counterclaim.
After a careful review of a rather long and complex record involving multiple transactions and multiple third parties, we find that the instant controversy relates to claims between the property owner and the original lessee, on the one hand, and the ultimate purchaser, on the other hand, as to who converted whose personal property (severed coal). Wyatt and Fikes claim error in the trial court’s denial of their motions for directed verdict against Madden on their respective counterclaims. Under the evidence of record, whether Madden, who admittedly was a “buyer in the ordinary course of business” was a “good faith” purchaser “without knowledge that the sale to him [was] in violation of the [true owners’] rights” was an issue of fact, and thus properly submitted to the jury. Code 1975, §§ 7-1-201(9); 7-2-104(1), and -403(1); see, also, American Standard Credit, Inc. v. National Cement Co., 643 F.2d 248 (5th Cir.1981).
This factual issue and the factual issues relating to Madden’s conversion claim were properly submitted to the jury on settled principles of law and were fairly resolved in favor of Madden, who purchased the coal from a nonparty sublessee; we hold, however, that the trial court erred in not limiting the proof of damages by reducing from the sales price the transportation and storage costs. That is to say, the trial court should have sustained the Defendants’ contention that the payment of these expenses out of the sale of the coal in question by the Defendants inured to the ultimate benefit of Madden and should not have been included in any verdict in its favor.
Consequently, the judgment is affirmed on the condition that Madden file with the Clerk of this Court within 14 days of this Court’s judgment a remittitur in the sum of $6,410, thus reducing the judgment to $15,-308.83, plus interest from the date of taking. Otherwise, the judgment will be reversed and the cause remanded for a new trial.
AFFIRMED CONDITIONALLY.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.